In re CLEMENT, State Excise Com'r.

(Supreme Court, Appellate Division, First Department. January 20, 1911.)

INTOXICATING LIQUORS (§ 106*)—LIQUOR TAX CERTIFICATE—REVOCATION—GROUNDS.

Where a holder of a liquor tax certificate permits the premises to become, nightly, a resort for prostitutes engaged in plying their trade, the certificate, on the petition of the Commissioner of Excise, must be revoked.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113–115; Dec. Dig. § 106.*]

Appeal from Special Term, New York County.

Petition by Maynard N. Clement, as State Commissioner of Excise, for an order revoking a liquor tax certificate issued to George Kennedy. From an order denying the application, petitioner appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Herbert H. Kellogg (Albert O. Briggs, of counsel, and William G. Van Loon, on the brief), for appellant.

Albert W. Ransom (Thomas Cooper Byrnes, on the brief), for respondent.

PER CURIAM. This proceeding was brought under section 27, c. 34 of the Consolidated Laws, known as the "Liquor Tax Law," upon the petition of the State Commissioner of Excise, for the revocation of a liquor tax license, upon the ground that the holder thereof had permitted the premises covered by said certificate to become disorderly and the resort of disorderly persons during the period for which the certificate was issued. The case was tried at the Special Term, and the learned court in its opinion, after correctly stating the rules of law, said as to the facts:

"The particular acts of disorder must be such as to justify a finding that the premises have become an habitual resort of those engaged in criminal, illegal, or immoral practices, and that those in charge must be presumed to have had knowledge thereof. In this proceeding the petitioner's agents testified that on above five occasions a rear room in respondent's liquor saloon was patronized by prostitutes, varying from one to four in number, and who, while engaged in drinking and conversation with the agents, solicited the latter for immoral purposes."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

But he concluded that "under all these circumstances I have come to the conclusion that the proofs just fall short of establishing the fact that the respondent has suffered or permitted his premises to become disorderly," and denied the application.

We have carefully examined the entire record, and have failed to discover wherein the proofs fell short. Without going into detail, it seems to us that the proofs overwhelmingly establish that the premises were the nightly resort of prostitutes engaged in plying their trade by solicitation of the men whom from time to time they found there.

The order appealed from should be reversed, with $10 costs and disbursements, and the application for revocation granted, with costs and disbursements at the Special Term.